**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2635
_____

UNITED STATES OF AMERICA

v.

ZABULA BUDIA KNUCKLES,

Appellant
_____

No. 10-1140
_____

UNITED STATES OF AMERICA

v.

ALMA LINDSEY,
a/k/a/ Legina Bland,

Alma Lindsey,

Appellant
_____

No. 10-1368
_____

UNITED STATES OF AMERICA

v.

COREY CRABB,

Appellant

_____

No. 10-2037
_____

UNITED STATES OF AMERICA

v.

HASSON K. LINDSEY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 4:07-cr-423)
District Judge:  Honorable John E. Jones, III

Submitted Under Third Circuit LAR 34.1(a)
June 21, 2011

Before:  CHAGARES, JORDAN, and GREENAWAY, JR., Circuit Judges.

(Filed June 28, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

The defendants in these separate but related criminal appeals challenge various

aspects of their convictions and sentences.  For the reasons stated below, we will affirm.

I.

We write for the parties' benefit and recite only the facts essential to our

disposition.  Defendants Zabula Knuckles ("Knuckles"), Alma Lindsey ("Alma"), Corey

2

Crabb ("Crabb"), and Hasson Lindsey ("Hasson") were all involved in a conspiracy to distribute crack cocaine in Northumberland County, Pennsylvania. On February 28, 2008, a grand jury sitting in the Middle District of Pennsylvania returned a second superseding indictment charging the defendants with various crimes arising out of this conspiracy. On September 18, 2008, Knuckles pled guilty to count one of that indictment, which charged him with conspiracy to distribute and possess with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. § 846. Knuckles's plea agreement provided, in relevant part, that:

> The defendant has agreed to cooperate with the United States. Upon completion of the cooperation, if the United States believes the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e), the United States may request the Court to depart below any mandatory minimum sentence when fixing a sentence for this defendant. In the event that the defendant renders substantial assistance, the United States specifically reserves the right to make a specific recommendation of a term of months to the District Court.

Knuckles Appendix 57a.

The other three defendants – Alma, Crabb, and Hasson – elected to proceed to trial after pleading not guilty to a third superseding indictment. That indictment charged all three remaining defendants with conspiracy to distribute and possess with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. § 846. In regard to only Alma and Hasson, the indictment charged distribution and possession with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2. And in regard to only Alma, the indictment charged fraud and related activity in connection with identification

3

documents, in violation of 18 U.S.C. § 1028(a)(7), the use of a social security number with the intent to deceive, in violation of 42 U.S.C. § 408(a)(7)(B), and aiding and abetting in violation of 18 U.S.C. § 2.

Prior to trial, on March 19, 2009 the District Court granted the Government's motion in limine to admit evidence pursuant to Federal Rule of Evidence 404(b) in connection with its case against defendant Crabb.  The District Court concluded that evidence of Crabb's prior association and drug transactions with a co-conspirator and his earlier incarceration with Hasson was offered for the permissible purposes of "demonstrat[ing] the familiarity of co-defendants and co-conspirators with each other, the development and continuing nature of their relationship, and the absence of innocent association."  Crabb Appendix 5a.  The District Court also determined that the evidence was relevant pursuant to Federal Rule of Evidence 402 given that "Crabb's prior association with co-conspirators and prior drug transactions with these individuals and others make it more probable that Crabb agreed to work together . . . toward the shared purpose and common goal of drug distribution."  Crabb Appendix 7a.  Finally, the District Court applied Federal Rule of Evidence Rule 403 and held that the probative value of the proffered evidence was not substantially outweighed by the danger of prejudice and that any risk may be minimized by a limiting instruction to the jury.  Crabb, however, neither requested nor received such a limiting instruction.  Specifically, Crabb did not file any proposed jury instructions containing a limiting instruction, failed to request that the District Court give a limiting instruction at the charge conference, and did

4

not object after the District Court concluded charging the jury without providing a limiting instruction in regard to the Rule 404(b) evidence.

On April 13, 2009, following a five-day trial, a jury convicted Alma, Crabb, and Hasson of all of the counts charged in the third superseding indictment. In response to interrogatories on a special verdict form, the jury found that Alma and Crabb were responsible for five grams or more of crack cocaine. Hasson, however, was held responsible for fifty grams or more of crack cocaine, as charged in the third superseding indictment.

The District Court conducted individual sentencing hearings for each defendant. The District Court first sentenced Knuckles, the defendant who pled guilty to conspiracy to distribute and possess with intent to distribute at least fifty grams of crack cocaine. Prior to sentencing, on April 17, 2009, the Government filed a motion for a downward departure for substantial assistance under § 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), which requested a reduction in Knuckles's recommended advisory Guidelines range of 151 to 188 months to the statutory mandatory minimum of 120 months of imprisonment. The Government never made an application for a sentence less than the mandatory minimum sentence under 18 U.S.C. § 3553(e). The District Court held a sentencing hearing for Knuckles on May 26, 2009. During that hearing, Knuckles did not oppose the § 5K1.1 downward departure motion, but maintained that the Government was required under the plea agreement to make a § 3553(e) motion. In the alternative, Knuckles argued that the Government acted in bad faith by exercising its discretion not to file such a motion. The District Court rejected

5

both of these arguments, granted the Government's § 5K1.1 motion, and sentenced Knuckles to a term of 120 months of imprisonment, the statutory mandatory minimum. Knuckles filed a timely appeal.

The District Court held a sentencing hearing for Alma on December 22, 2009. Alma's presentence report calculated her Guidelines offense level to be at 32, based upon a drug quantity of at least 150 grams but less than 500 grams of crack cocaine. Alma filed objections to this report based on the jury's finding that five or more grams of crack cocaine were attributable to her. In a Memorandum and Order filed on December 14, 2009, the District Court sustained in part and overruled in part Alma's objections and determined that 122.45 grams of crack cocaine were attributable to her. See Alma Appendix 5-13. Based on this finding, the District Court calculated the advisory Guidelines range to be between 188 and 235 months. The District Court eventually sentenced Alma to a term of 152 months of imprisonment. Alma filed a timely appeal.

The District Court sentenced Crabb on January 26, 2010. Crabb's presentence report calculated his advisory Guidelines offense level to be at 32, based upon a drug quantity of at least 150 grams but less than 500 grams of crack cocaine. Crabb, like Alma, filed objections to this report based on the jury's finding that five or more grams of crack cocaine were attributable to him. In a Memorandum and Order filed on December 21, 2009, the District Court sustained in part and overruled in part Crabb's objections and determined that 122.45 grams of crack cocaine were attributable to him. See Crabb Appendix 10a-17a. Based on this finding, the District Court calculated the advisory

6

Guidelines range to be between 135 and 168 months. The District Court eventually

sentenced Crabb to a term of 96 months of imprisonment. Crabb filed a timely appeal.

The District Court held a sentencing hearing for Hasson on March 29, 2010. The

District Court calculated his advisory Guidelines range to be between 151 and 188

months. The District Court sentenced Hasson to 120 months of imprisonment, the

statutory mandatory minimum, but rejected Hasson's request to depart below this

mandatory minimum. Hasson filed a timely appeal.

II.

The District Court possessed jurisdiction under 18 U.S.C. § 3231. We have

jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review de novo whether the Government has violated the terms of a plea

agreement. United States v. Floyd, 428 F.3d 513, 515 (3d Cir. 2005). The defendant

bears the burden of establishing by a preponderance of evidence that the Government has

violated the terms of a plea agreement. United States v. Huang, 178 F.3d 184, 187 (3d

Cir. 1999).

"Our responsibility on appellate review of a criminal sentence is limited yet

important: we are to ensure that a substantively reasonable sentence has been imposed in

a procedurally fair way." United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008).

We therefore must first determine whether the District Court committed "significant

procedural error," for example, by "failing to consider the § 3553(a) factors . . . or failing

to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51

(2007); see also United States v. Smalley, 517 F.3d 208, 214 (3d Cir. 2008). In

7

conducting this procedural assessment, "[w]e review alleged factual errors for clear error but exercise plenary review over 'purely legal' errors, such as a misinterpretation of the Guidelines or the governing case law." United States v. Brown, 595 F.3d 498, 526 (3d Cir. 2010) (citation omitted). If the District Court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence "under an abuse of discretion standard." Id.

We review the District Court's evidentiary rulings under an abuse of discretion standard. United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010). Pursuant to this standard, we will reverse an evidentiary ruling only if the District Court's decision is "'arbitrary, fanciful, or clearly unreasonable' – in short, where 'no reasonable person would adopt the district court's view.'" Id. (quoting United States v. Starnes, 583 F.3d 196, 214 (3d Cir. 2009)). We exercise plenary review, however, over the District Court's legal interpretation of the Federal Rules of Evidence and over any determination made by the District Court as to whether evidence falls within the scope of Rule 404(b). Id.

Generally speaking, we "review the refusal to give a particular instruction or the wording of instructions for abuse of discretion." United States v. Flores, 454 F.3d 149, 156 (3d Cir. 2006). If a defendant fails to object to an instruction during trial, however, this Court reviews such unpreserved objections for plain error. United States v. Lee, 612 F.3d 170, 191 (3d Cir. 2010). For an error to be "plain," it must not only impact the defendant's substantial rights by affecting the outcome of the district court proceedings, but must also seriously affect the fairness, integrity, or public reputation of judicial proceedings. United States v. Heckman, 592 F.3d 400, 404 (3d Cir. 2010).

8

III.

We will assess the issues raised by each defendant – Knuckles, Alma, Crabb, and Hasson – in turn.

A.

Knuckles posits that the Government violated his plea agreement by failing to move for a sentence less than the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e). In the alternative, Knuckles asserts that the Government's discretionary decision not to file a § 3553(e) motion constituted impermissible "bad faith."

Both of these contentions are meritless. As noted above, Knuckles's plea agreement states that "if the United States believes the defendant has provided 'substantial assistance' pursuant to Title 18, United States Code, Section 3553(e), the United States may request the Court to depart below any mandatory minimum sentence when fixing a sentence for this defendant." Knuckles Appendix 57a (emphasis added). Although "the phrase 'may request' cannot signify that the Government has complete discretion in determining whether to move for a downward departure," Floyd, 428 F.3d at 516, we are satisfied that the Government here based its decision not to file a § 3553(e) motion on a measured appraisal of the extent and usefulness of Knuckles's cooperation, or, phrased slightly differently, "on an honest evaluation of the assistance provided and not on considerations extraneous to that assistance," id. (quotation marks omitted). Likewise, Knuckles has pointed to no evidence in the record to suggest that the Government acted in bad faith in deciding to move for a downward departure pursuant to

U.S.S.G. § 5K1.1 rather than filing a § 3553(e) motion. We will therefore affirm Knuckles's judgment of sentence.

B.

Alma asserts that the District Court erred in attributing 122.45 grams of crack cocaine to her for purposes of determining her base Guidelines offense level in light of the jury's specific finding that only five or more grams of crack cocaine were attributable to her. It is well established, however, that the District Court "was free to consider relevant conduct, including conduct resulting in acquittal, that was proved by a preponderance of the evidence in determining [Alma's] sentence within the original statutory sentencing range." United States v. Jimenez, 513 F.3d 62, 88 (3d Cir. 2008). Pursuant to the Guidelines, drug quantity "in the case of jointly undertaken criminal activity" shall be determined by "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). In this case, we agree with the District Court's assessment – set forth in its December 14, 2009 Memorandum and Order – that the facts adduced at trial established by a preponderance of the evidence that at least 122.45 grams of crack cocaine were reasonably attributable to Alma. We will therefore affirm Alma's judgment of sentence.

C.

Crabb maintains that the District Court abused its discretion in admitting evidence pursuant to Federal Rule of Evidence 404(b). We have held that:

> To satisfy Rule 404(b), evidence of other acts must (1) have a proper evidentiary purpose, (2) be relevant under Rule 402, (3) satisfy Rule 403 (i.e., not be substantially more prejudicial than probative), and (4) be accompanied by a

10

> limiting instruction, <u>when requested</u> pursuant to Federal Rule of Evidence 105, that instructs the jury not to use the evidence for an improper purpose.

<u>United States v. Cross</u>, 308 F.3d 308, 320–21 (3d Cir. 2002) (emphasis added) (footnote omitted).

The District Court did not abuse its discretion in determining that these requirements were met in this case. The evidence admitted at trial pursuant to Rule 404(b) was relevant to establishing the existence of and Crabb's participation in the alleged conspiracy, had a proper evidentiary purpose, and possessed a probative value that outweighed any potential for prejudice. <u>Cf.</u> <u>United States v. Vega</u>, 285 F.3d 256, 261 (3d Cir. 2002) (noting that "prior bad act evidence may be admitted for the purpose of demonstrating [a defendant's] knowledge of a conspiracy and relationship with one of its members"). Significantly, Crabb failed to request a limiting instruction pursuant to Federal Rule of Evidence 105. We therefore review the District Court's failure to provide a limiting instruction pursuant to a "plain error" standard, and in this case, we hold that the lack of a limiting instruction neither impacted the outcome of the proceeding nor seriously affected the fairness, integrity, or public reputation of the proceedings in light of the nature of the Rule 404(b) evidence admitted and the copious amounts of other relevant inculpatory evidence introduced at trial.

Crabb, like Alma, also appeals the District Court's consideration of 122.45 grams of crack cocaine in determining his base Guidelines offense level in light of the jury's specific finding that only five or more grams of crack cocaine were attributable to him. For essentially the same reasons stated above in regard to Alma, we agree with the

11

District Court's assessment – set forth in its December 21, 2009 Memorandum and Order – that the facts adduced at trial established by a preponderance of the evidence that at least 122.45 grams of crack cocaine were reasonably attributable to Crabb.

We will therefore affirm Crabb's conviction and judgment of sentence.

## D.

Hasson's sole argument on appeal is that the District Court "had the power to vary [his] sentence below the mandatory minimum simply" pursuant to United States v. Booker, 543 U.S. 220 (2005). Hasson Br. 20. This is simply incorrect as a matter of law. See United States v. Doe, 564 F.3d 305, 314 (3d Cir. 2009) ("'The Guidelines are no longer mandatory, but that does not render optional' statutory directives." (quoting United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008))). Even if true, however, the District Court's sentence would still be deemed both procedurally and substantively reasonable. First, Hasson does not argue that the District Court committed any procedural error in the sentencing procedure, and our independent review of the record does not reveal any procedural defects. Second, the District Court did not abuse its discretion in departing below the advisory Guidelines range and imposing a sentence of 120 months. We thus conclude that the District Court meaningfully considered the § 3553(a) factors and sufficiently stated its reasons for the sentence imposed, fashioning a sentence appropriate to the circumstances of Hasson's case.

## IV.

For the foregoing reasons, we will affirm the judgment of conviction of Crabb and the judgments of sentence of Knuckles, Alma, Crabb, and Hasson.

12